UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MICHAEL A. SAMMY,

    Plaintiff,

v.

THE SALVATION ARMY

    Defendant,
_____/

## **COMPLAINT**

The Plaintiff MICHAEL A. SAMMY, by and through undersigned counsel, hereby sues Defendant THE SALVATION ARMY, on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff MICHAEL A. SAMMY, under 42 U.S.C. §1981 (Civil Rights Act of 1866); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress the injury done to him by the Defendant's discriminatory treatment based of his Race and Color (Black).

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended, and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

## PARTIES

6. Plaintiff MICHAEL A. SAMMY is a resident of Miami-Dade County, who was employed by Defendant and is a member of certain protected classes of persons because of his Race and Color (Black).

7. Corporate Defendant THE SALVATION ARMY (hereinafter THE SALVATION ARMY or "Defendant"), is a Foreign Non-Profit corporation authorized to conduct business in the State of Florida, and within the jurisdiction of this Court.

8. At all times relevant to this complaint, Plaintiff MICHAEL A. SAMMY was employed by THE SALVATION ARMY, and the parties had a contractual relationship with each other.

## PROCEDURAL REQUIREMENTS

9. On or about September 21, 2016, Plaintiff MICHAEL A. SAMMY filed a charge of discrimination based on Race/Color discrimination and Retaliation with the Equal Employment Opportunity Commission, thereby satisfying the requirements of 42 U.S.C.A. § 2000e-5(b), (e). Such charge was filed within one hundred and eighty (180) days of the unlawful employment practice. On or about March 04, 2019 the Equal Opportunity Commission issued to Plaintiff a Dismissal and Notice

of Rights with respect to such charge of discrimination. See composite **Exhibit "A."**

10. All conditions precedent for this action has been fulfilled. The Charges of discrimination were dually filed with the EEOC and with the Florida Commission on Human Relations within 300 days of the alleged violation and over (6) months have passed since filing of the complaints.

## STATEMENT OF FACTS

11. Plaintiff MICHAEL A. SAMMY is a 38 years old Black male, member of a protected class under Title VII, the Florida Civil Rights Act, and 42 U.S.C. §1981 (Civil Rights Act of 1866) because of his Race and Color, and because of his participation in protected activities within the meaning of Federal and State law.

12. Defendant THE SALVATION ARMY is an international, non-profit, religious organization that provides varied human and social services to members of certain communities in the United States and around the world.

13. Defendant employed Plaintiff MICHAEL A. SAMMY as a part-time cook from March 10, 2016, to June 12, 2016, or 13 weeks.

14. The Plaintiff worked at the Defendant's kitchen facilities located at 1907 NW 38 ST, Miami, FL 33142. The Plaintiff was an hourly employee, earning approximately $10.00 an hour.

15. The Plaintiff was a qualified individual with a disability or regarded as having such an impairment who did not require special accommodations to perform the essential functions of his position. The only reasonable accommodation requested by Plaintiff was a refrigerator to store his medicine.

16. Throughout his employment with the Defendant, the Plaintiff performed his duties satisfactorily. The Plaintiff possessed all the required skills, training and qualifications for the job in question, and performed his duties without significant issue or controversy.

17. However, during the time Plaintiff was employed by the Defendant, the Plaintiff was subjected to unlawful acts of discrimination, such as harassment, hostile working environment, and was further subjected to different terms and conditions of employment, and finally he was subjected to a retaliatory discharge.

18. Since the beginning of his employment with the Defendant, the Plaintiff suffered discriminatory treatment due to his Race and Color.

19. The perpetrator of this unlawful discrimination was the Food Service Manager, Mayra Franco (White Cuban), who supervised the kitchen operations, and Plaintiff's work.

20. Manager Mayra Franco subjected Plaintiff to discriminatory and disrespectful treatment because of his Race and Color. Manager Mayra Franco referred to Plaintiff as "This boy" and gave Plaintiff a harsh treatment. The Plaintiff was treated differently from the other employees because of his Race.

21. Manager Mayra Franco subjected Plaintiff to excessive job scrutiny, and she criticized everything Plaintiff did. Manager Mayra Franco harassed and intimidated Plaintiff on daily basis. She gave Plaintiff confusing instructions which later got him in trouble.

22. The Plaintiff was unfairly blamed for anything that went wrong in the kitchen, and Manager Mayra Franco took advantage of every incident to admonish, humiliate

and to write down Plaintiff. Manager Mayra Franco refused to hear Plaintiff's reason or explanations and accused him of being argumentative and insubordinate. The Plaintiff was forced to sign those disciplinary reports under Manager Mayra Franco's termination threats.

23. The frequent, severe, and offensive conduct of Manager Mayra Franco linked to Plaintiff's Race and Color, created a hostile work environment in violation of 42 U.S.C. §1981 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

24. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated and intimidated in his place of work. The Plaintiff knew that Manager Mayra Franco did not like him because he was Black, and she was looking for excuses to fire him.

25. Manager Mayra Franco in bad faith took out from the refrigerator and discarded Plaintiff's medicine. The manager did not inform Plaintiff, she did not provide him with a warning or an alternative refrigerator to store his medicine. Moreover, upon Plaintiff's information and belief, when she threw away his medicine, she stated: "I won't give any accommodations to this boy".

26. As the time went by, the discriminatory treatment and harassment based on his Race and Color escalated, Plaintiff could not stand the daily harassment and hostile working environment that he was suffering and complained to the Human Resources Representative Maria Saenz.

27. On or about April 20, 2016, the Plaintiff complained about Race discrimination. The Plaintiff told H.R. Maria Saenz about the discrimination and harassment he was suffering, that Manager Mayra Franco put him down, humiliate, and belittled

him because he was Black. The Plaintiff told HR Maria Saenz that Manager Mayra Franco had thrown away his medicine without notifying him. HR Maria Saenz instructed Plaintiff to use an alternate refrigerator.

28. On or about April 29, and May 09, 2016, the Plaintiff repeated to HR Maria Saenz his complaints about the wrongful conduct of Manager Mayra Franco.

29. After every complaint, the Plaintiff's working condition deteriorated even further. The Plaintiff could not tolerate discrimination and harassment, and it was very clear to him that management was completely indifferent to his suffering. The Defendant was unable to provide Plaintiff with a safe work environment free of harassment and racial discrimination.

30. On or about June 12, 2016 Plaintiff was fired by the Defendant due to multiple disciplinary actions produced by Manager Mayra Franco.

31. On or about June 12, 2016, the Plaintiff was discharged by the Defendant, and Plaintiff's discharge was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and harassment in violation of both Federal and State Laws.

32. Moreover, the Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity on April 20, and May 09, 2016.

33. Defendant THE SALVATION ARMY is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected

to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

## COUNT I:
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE AND COLOR

34. Plaintiff MICHAEL A. SAMMY re-adopts every factual allegation as stated in paragraphs 1-33 above as if set out in full herein.

35. This is an action against THE SALVATION ARMY for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

36. At all times material hereto Defendant THE SALVATION ARMY was an "employer" within the meaning of Section 42 U.S.C. §1981.

37. At all times material hereto, Plaintiff MICHAEL A. SAMMY was an "employee" and had a contractual relationship with the Defendant within the meaning of 42 U.S.C. §1981.

38. Plaintiff MICHAEL A. SAMMY, had at all times material, and continue to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence and to be free from racially-based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of his employment at THE SALVATION ARMY.

39. The Defendant has intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating the Plaintiff differently from similarly situated employees because of his Race and Color.

40. Defendant subjected Plaintiff MICHAEL A. SAMMY to different adverse

employment actions including but not limited to the following acts and omissions: harassment, hostile working environment, and retaliatory discharge.

41. The effects of the practices referenced above have been to deprive the Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee, because of his Race and Color.

42. As a direct and proximate result of the intentional violations by Defendant of the Plaintiff's rights under 42 U.S.C. § 1981, by treating him differently from similarly situated employees, and subjecting him to racial harassment because of their Race and Color, Plaintiff has suffered damages. His damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

43. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

44. The actions of the Defendant THE SALVATION ARMY and/or agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant THE SALVATION ARMY for its actions and to deter it, and others, from such actions in the future.

45. Plaintiff MICHAEL A. SAMMY has retained the undersigned counsel to prosecute his claims and he is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHAEL A. SAMMY respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MICHAEL A. SAMMY and against the Defendant THE SALVATION ARMY based on the Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

JURY TRIAL DEMAND

Plaintiff MICHAEL A. SAMMY demand trial by a jury of all issues triable as of right by jury.

**COUNT II:**
**RETALIATION IN VIOLATION OF THE CIVIL RIGHTS OF 1866,**
**42 U.S.C., SECTION 1981**

46. Plaintiff MICHAEL A. SAMMY re-adopts every factual allegation as stated in paragraphs 1-45 of this complaint as if set out in full herein.

47. Plaintiff MICHAEL A. SAMMY and Defendant THE SALVATION ARMY had a contractual relationship.

48. Defendant THE SALVATION ARMY precluded Plaintiff from performing the

stated contractual relationship when Defendant terminated Plaintiff.

49. Defendant THE SALVATION ARMY terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on Race and Color as more particularly described above.

50. The plaintiff was unable to enjoy all the benefits, privileges, terms and conditions of his contractual relationship.

51. The Defendant acted with malice and/or reckless disregard for Plaintiff's protected rights.

52. Plaintiff has retained the undersigned counsel to prosecute his claims and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHAEL A. SAMMY respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant THE SALVATION ARMY based on the Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff MICHAEL A. SAMMY compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff MICHAEL A. SAMMY as to this count prejudgment interest; and

D. Award Plaintiff MICHAEL A. SAMMY damages for the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

<u>JURY TRIAL DEMAND</u>

Plaintiff MICHAEL A. SAMMY demands trial by a jury of all issues triable as of right by jury.

**COUNT III:**
**VIOLATION OF TH FLORIDA CIVIL RIGHTS ACT OF 1992, CHAPTER 760:**
**DISCRIMINATION BASED ON RACE AND COLOR**

53. Plaintiff MICHAEL A. SAMMY re-adopts every factual allegation as stated in paragraphs 1-33 of this complaint as if set out in full herein.

54. At all times material hereto, the Employer/Defendant THE SALVATION ARMY failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states "It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's Race, Color, Religion, Sex, National Origin, Age, Handicap, or Marital Status.

55. The discrimination and termination of Plaintiff by Defendant were based on the Plaintiff's Race and Color.

56. At all relevant times, including the time of employment termination of the Plaintiff, the Defendant was aware that Plaintiff was Black.

57. At the time of the Defendant's termination of their employment, Plaintiff did perform satisfactorily at the performance of the essential functions of his positions.

58. The Plaintiff was well qualified for his position.

59. The Plaintiff was fired by the Defendant and Plaintiff's termination of employment was directly and proximately caused by the Defendant's unjustified discrimination

against Plaintiff because of her Race, Color and National Origin, in violation of Florida Statute Section 760.

60. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

61. Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason for terminating his employment, Plaintiff's Race and Color.

62. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of Race, Color, Religion, Sex, National Origin, Age, Handicap, or Marital Status.

63. The actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

64. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHAEL A. SAMMY respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant THE SALVATION ARMY, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Race and Color.

B. Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his Race and Color.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff MICHAEL A. SAMMY demands a trial by jury on all issues triable as of right by a jury.

## COUNT IV:
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT, CHAPTER 760, FLORIDA STATUTES; RETALIATORY DISCHARGE

65. Plaintiff MICHAEL A. SAMMY re-adopts every factual allegation as stated in paragraphs 1-33 and 53-64 of this Complaint as if set out in full herein

66. This is an action against THE SALVATION ARMY for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, FL Statutes, (FCRA).

67. The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking an adverse personnel action against those employees who exercise their lawful and protected rights under Title VII.

68. The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

> "It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".

69. The Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of his Race and Color, and because of his participation in protected activities within the meaning of the Florida Civil Rights Act.

70. Plaintiff MICHAEL A. SAMMY, while working for Defendant THE SALVATION ARMY was subject to discrimination and harassment based on his Race and Color.

71. The Plaintiff reasonably followed the chain of command and exhausted his administrative remedies to get help.

72. The Plaintiff explicitly informed the business that he was suffering discrimination on basis of his Race and Color and opposed to these unlawful employment practices.

73. This protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

74. As a result, Plaintiff was forced to endure a continued, unrelenting, abusive and disparate treatment at the hands of individuals with the ability to hire, fire, promote, and discipline him, and he was eventually terminated in retaliation to his refusal to accept the unlawful discriminatory employment practices.

75. The Defendant is subject to vicarious liability because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which

> Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

76. Furthermore, the Defendant knowingly condoned and ratified the Racial discrimination and retaliation of Plaintiff.

77. Defendant's known allowance and ratification of the wrongful conduct created and facilitated an abusive, discriminatory, and hostile work environment based on the Plaintiff's Race and Color, within the meaning of Section 760.10 of the Florida Civil Rights Act.

78. As a direct and proximate result of the actions and/or omissions of the Defendant, the Plaintiff has suffered injury and losses including a violation of his statutory rights.

79. The Plaintiff has no plain, adequate, or complete remedy at law.  He is suffering and will continue to suffer irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHAEL A. SAMMY respectfully requests that this Court;

A. Grant a permanent injunction enjoining Defendant THE SALVATION ARMY, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in further discriminatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7).

B. Award Plaintiff MICHAEL A. SAMMY judgment against the Defendant THE SALVATION ARMY for compensatory damages as determined by the Trier of fact.

C. Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment.

D. Enter Judgment for Punitive damages against THE SALVATION ARMY.

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

## JURY TRIAL DEMAND

Plaintiff MICHAEL A. SAMMY demands trial by a jury of all issues triable as of right by jury.

Dated: November 19, 2019

                              Respectfully submitted,

                              By:  **/s/ Zandro E. Palma**
                              ZANDRO E. PALMA, P.A.
                              Florida Bar No.: 0024031
                              9100 S. Dadeland Blvd.
                              Suite 1500, Miami, FL 33156
                              Telephone: (305) 446-1500
                              Facsimile:  (305) 446-1502
                              E-mail: zep@thepalmalawgroup.com
                              *Attorney for Plaintiff*